■ EVEREADY INSURANCE COMPANY, Appellant, v UTHER I. ROBINSON et al., Respondents, et al., Defendants. [751 NYS2d 419] —In an action, inter alia, for a judgment declaring that the

plaintiff is not obligated to defend or indemnify its insureds, Uther I. Robinson and Eugene Robinson, in an underlying action entitled *Robinson v Robinson,* pending in the Supreme Court, Queens County, under Index No. 12646/99, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Milano, J.), dated April 23, 2002, which granted the motion of the defendants Uther I. Robinson and Eugene Robinson for summary judgment declaring that the plaintiff was obligated to defend and indemnify them in the underlying action, and made the declaration.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court correctly determined that, under the circumstances of this case, the belief of the defendants Uther I. Robinson and Eugene Robinson that they would not be subject to liability was reasonable. Consequently, their delay in notifying the plaintiff Eveready Insurance Company (hereinafter Eveready) of the accident was excusable (*see Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 750, *affg* 207 AD2d 816; *White v City of New York,* 81 NY2d 955, 957; *Abbey Richmond Ambulance Serv. v Northbrook Prop. & Cas. Ins. Co.,* 281 AD2d 501; *New York Cent. Mut. Fire Ins. Co. v Riley,* 234 AD2d 279; *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500).

There is no merit to Eveready's remaining contention that the Supreme Court should have held a hearing on this issue. The Supreme Court was presented with the deposition testimony of the parties to this action and the underlying personal injury action, as well as the documentary evidence the parties relied upon to support their respective arguments. Thus, there was no additional evidence that would have been adduced at a hearing that was not presented on the motion for summary judgment (*cf. Argentina v Otsego Mut. Fire Ins. Co., supra* at 750; *Witriol v Travelers Ins. Group,* 251 AD2d 497, 498; *Winstead v Uniondale Union Free School Dist., supra* at 503). Santucci, J.P., Townes, Crane and Rivera, JJ., concur.