■ Toto We're Home, LLC, et al., Appellants, v Beaverhome.Com, Inc., Respondents. [754 NYS2d 334] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated January 3, 2002, as denied those branches of their motion which were for summary judgment awarding them "cover" and consequential damages, and (2) a judgment of the same court, entered March 22, 2002, upon the order. The plaintiffs' notice of appeal from the order dated January 3, 2002, is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision awarding the plaintiffs "cover" damages of $4,041.56, plus prejudgment interest thereon from June 4, 2001; as so modified, the judgment is affirmed, and the order dated January 3, 2002, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In February 2001 the plaintiffs contracted with the defendant to purchase wood flooring for the total price of $15,124.69, which the plaintiffs paid in full. When the defendant was unable to deliver the flooring, the plaintiffs cancelled the order, and promptly contracted to purchase comparable flooring from a different supplier who had it in stock, at a cost of $19,166.25. The Supreme Court granted the plaintiffs' motion for summary judgment to the extent of recovering the purchase price of $15,124.69, but denied the plaintiffs' motion insofar as it sought to recover the additional costs of obtaining replacement goods.

This case is governed by Uniform Commercial Code article 2. Pursuant to UCC 2-711 (1) (a): "(1) Where the seller fails to make delivery * * * the buyer may cancel [the contract] and * * * may in addition to recovering so much of the price as has been paid (a) 'cover' and have damages under [UCC 2-712]." UCC 2-712, in turn, provides:

"(1) After a breach within the preceding section the buyer may 'cover' by making in good faith and without unreasonable delay any reasonable purchase of or contract to purchase goods in substitution for those due from the seller.

"(2) The buyer may recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages as hereinafter defined (Section 2-715), but less expenses saved in consequence of the seller's breach."

The plaintiffs established the seller's breach, which necessitated the reasonable and prompt purchase of replacement goods from another seller at increased cost. The plaintiffs thus demonstrated their entitlement to recover their cover costs (*see Fertico Belgium v Phosphate Chems. Export Assn.,* 70 NY2d 76, 82). While the plaintiffs also are eligible to recover consequential damages (UCC 2-712 [2]; 2-715), they failed to establish that they sustained any such damages.

Under the circumstances of this case, we do not reach the plaintiffs' remaining contention. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.