■ TRI-STATE CONSUMER INSURANCE COMPANY, Appellant, v IGOR YASKIN, Respondent, et al., Defendants. [756 NYS2d 906] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Igor Yaskin in any action arising out of an automobile accident which occurred on December 7, 1998, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Franco, J.), dated May 7, 2002, which, after a nonjury trial, declared that it is obligated to defend and indemnify the defendant Igor Yaskin against any and all claims arising out of the incident.

Ordered that the judgment is affirmed, with costs.

The defendant Igor Yaskin was involved in an automobile accident on December 7, 1998. He did not notify his insurer, the plaintiff, Tri-State Consumer Insurance Company (hereinafter Tri-State), of the accident until early May of 1999, when he was presented with a claim for property damage to the vehicle owned by the defendant William Brand. Tri-State disclaimed coverage on the ground that Yaskin failed to comply with the policy provision requiring prompt notice of an accident, and it commenced this action for a judgment declaring that it is not obligated to defend or indemnify Yaskin in any action. Following a nonjury trial, the Supreme Court determined that Yaskin had a reasonable, good-faith excuse for failing to immediately report the accident to his insurer and declared that Tri-State was obligated to defend and indemnify him against any and all claims arising out of the accident.

The determination of a fact-finding court should not be set aside unless the court's conclusion could not have been reached on any fair interpretation of the evidence, especially when the findings of fact rest in large measure on the credibility of the

witnesses (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Matter of Tri-State Consumer Ins. Co. v Dabush*, 264 AD2d 848 [1999]). An insured's reasonable, good-faith belief in nonliability may excuse a delay in notifying the insurer of an accident (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748 [1995]; *Abbey Richmond Ambulance Serv. v Northbrook Prop. & Cas. Ins. Co.*, 281 AD2d 501 [2001]). The evidence presented by Yaskin, if credited by the Supreme Court, established that he had a good-faith belief in his nonliability for any personal injuries or property damage arising out of the subject accident, which was reasonable under the circumstances. Accordingly, Yaskin's delay in providing notice of the accident until he was presented with a claim for property damage was excused. As the disclaimer was based solely on the ground that Yaskin failed to provide prompt notice of the accident, the Supreme Court properly issued a judgment declaring that Tri-State was obligated to defend and indemnify him.

Contrary to Tri-State's contention, the Supreme Court properly permitted Yaskin to testify to the statements of a police officer at the scene of the accident. The evidence was not offered for its truth, but to establish Yaskin's state of mind, that is, whether he reasonably relied on those statements to form a good-faith belief in his nonliability (*see Arch-Bilt Container Corp. v Interboro Mut. Indem. Ins. Co.*, 119 AD2d 713 [1986]).

Tri-State's remaining contentions are without merit. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.