WALCK BROS. AG. SERVICE, INC., Respondent, v RANDON P. HILLOCK, Individually and Doing Business as HILLOCK LANDSCAPING, Appellant. [774 NYS2d 218]—

Appeal from an order of the Supreme Court, Niagara County

(Ralph A. Boniello, III, J.), entered May 16, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a breach of contract action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion in part and dismissing the complaint to the extent that it seeks damages for mental distress and anguish and recoupment of the Department of Environmental Conservation fine and the attendant remediation costs and as modified the order is affirmed without costs.

Memorandum: On August 5, 1998, plaintiff contracted to purchase topsoil from defendant. Plaintiff had previously contracted with a third party to deliver the topsoil purchased from defendant to that third party. Plaintiff removed topsoil on four different dates during August 1998 and again on September 5, 1998. On September 8, 1998, defendant informed plaintiff that he would not allow plaintiff to remove any more topsoil from the property. Plaintiff commenced this action alleging that defendant breached the contract, and defendant thereafter moved for summary judgment dismissing the complaint. Although we conclude that the motion must be granted in part by dismissing the complaint to the extent that it seeks damages for mental distress and anguish and recoupment of the Department of Environmental Conservation (DEC) fine and the attendant remediation costs, we agree with Supreme Court's denial of the remainder of the motion.

Defendant contends that he is entitled to summary judgment because the contract was terminable at will and he properly notified plaintiff of its termination. We disagree. Defendant was required to provide "reasonable notification" to plaintiff prior to terminating the contract (UCC 2-309 [3]; see Sto Corp. v Henrietta Bldg. Supplies, 202 AD2d 969 [1994]). "What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action" (UCC 1-204 [2]; see A.B. Murray Co. v Lidgerwood Mfg. Co., 241 NY 455, 459-460 [1926]). Defendant failed to meet his initial burden on the motion of establishing that his one-day notice of termination to plaintiff was reasonable as a matter of law.

Defendant further contends that plaintiff breached the contract by failing to make payments in accordance with the terms of the contract. We agree with the court that the payment provisions of the contract are ambiguous, and it is for the trier of fact to resolve that ambiguity. Moreover, we conclude that there is a triable issue of fact whether defendant waived any contention that plaintiff breached the contract by failing to make payments in accordance with the terms of the contract.

We reject the further contention of defendant that plaintiff is barred from seeking relief because it accepted tender of the soil without notifying defendant of any breach with regard to the quantity. Where a buyer accepts tender, it "must within a reasonable time after [it] discovers or should have discovered any breach notify the seller of breach or be barred from any remedy" (UCC 2-607 [3] [a]). "The notification need only alert the seller that the transaction is troublesome and does not need to include a claim for damages or threat of future litigation" (*Computer Strategies v Commodore Bus. Machs.*, 105 AD2d 167, 176 [1984]). Timely notification pursuant to section 2-607 (3) (a) " 'is governed by the standard of reasonableness' " (*Cliffstar Corp. v Elmar Indus.*, 254 AD2d 723, 724 [1998]). Here, defendant failed to meet his initial burden of establishing that he was not notified by plaintiff within a reasonable time of his breach and, in any event, plaintiff raised a triable issue of fact.

We reject defendant's contentions that plaintiff sustained no damages in purchasing topsoil as cover and that plaintiff may not recover consequential damages. Where a seller breaches the contract, the buyer may cover by making a substitute purchase of goods from another seller, provided that such purchase is made in good faith and without unreasonable delay (*see* UCC 2-712 [1]; *Fertico Belgium v Phosphate Chems. Export Assn.*, 70 NY2d 76, 81-82 [1987], *rearg denied* 70 NY2d 694 [1987]; *Toto We're Home v Beaverhome.Com*, 301 AD2d 643, 644 [2003]). The buyer may then "recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages" (UCC 2-712 [2]; *see Fertico Belgium*, 70 NY2d at 82). Incidental damages are defined in relevant part as "any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach" (UCC 2-715 [1]). Here, plaintiff established that its costs of purchasing cover soil, including incidental damages, were greater than the contract purchase price. Plaintiff also seeks consequential damages, which are losses "resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise" (UCC 2-715 [2] [a]). Assuming, arguendo, that defendant met his initial burden of establishing that he is not liable for those consequential damages because he had no knowledge of plaintiff's contract with the third party, we conclude that plaintiff raised a triable issue of fact by submitting evidence to the contrary.

As plaintiff correctly concedes, it may not recover damages

for mental anguish. In addition, we conclude that plaintiff is not entitled to recoupment of the DEC fine and the attendant remediation costs. Thus, we modify the order by granting defendant's motion in part and dismissing the complaint to the extent that it seeks damages for mental distress and anguish and recoupment of the DEC fine and the attendant remediation costs. Present—Wisner, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.