■ HONIQUE ACCESSORIES, LTD., Respondent-Appellant, v S.J. STILE ASSOCIATES, LTD., Appellant-Respondent, and MILTON HEID, Respondent, et al., Additional Defendants on the Counterclaim. [889 NYS2d 550]—

Order, Supreme Court, New York County (Richard J. Braun, J.), entered January 22, 2009, which, insofar as appealed from as limited by the briefs in this action for breach of contract and conversion arising out of defendant S.J. Stile Associates, Ltd.'s (Stile) enforcement of its warehouseman's lien, granted defendants' motion for summary judgment dismissing the complaint only to the extent of dismissing the complaint as against defendant Milton Heid, unanimously affirmed, with costs.

Dismissal of the complaint as against Stile was properly denied since the record presents triable issues of fact as to whether the goods sold by Stile were held for Honique or for additional defendant on the counterclaim Honey Fashions. Questions of fact also exist concerning the sufficiency of the notice given to Honique prior to the sale, including, but not limited to, whether the amount quoted as due and owing to Stile properly reflected only Honique's obligations or improperly included the liabilities of Honique's related companies. Furthermore, although properly declining to dismiss the complaint as against Stile, the motion court inaccurately remarked that Honique has not demonstrated that Stile's failure to notify it of its rights under UCC 7-211 caused it any damage. Indeed, the record shows that Honique has consistently challenged the validity of the lien, including whether or not the lien properly reflected the amount Honique owed, as well as the commercial reasonableness of the sale of the goods (see Shimamoto v S&F Warehouses, 99 NY2d 165, 176 [2002]).

The specific arguments currently raised by Honique in support of its claim that dismissal of the complaint as against Heid was improper were not raised before the motion court, and accordingly, they will not be considered on appeal (see e.g. Omansky v Whitacre, 55 AD3d 373, 374 [2008]). Were we to consider these arguments, we would find that Honique has presented no basis for holding Heid individually liable (see e.g. Fitch v TMF Sys., 272 AD2d 775, 778 [2000]).

We have considered the remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Richter, JJ.