■ ALEXANDRE VAN DAMME, Respondent, v NAHUM GELBER, Appellant and ARIJ GASIUNASEN FINE ART OF PALM BEACH, INC., Doing Business as GASIUNASEN GALLERY, Respondent. (And a Third-Party Action.) [914 NYS2d 84]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 8, 2009, which denied defendant Gelber's motion for summary judgment dismissing the complaint and granted plaintiff's motion for partial summary judgment on claims for specific performance and an award of attorney's fees, unanimously affirmed, with costs. Order, same court and Justice, entered August 3, 2009, which directed Gelber to deliver a painting to plaintiff upon payment of the contractual purchase price, unanimously affirmed, with costs. Orders, same court and Justice, entered March 15, 2010, which confirmed the Special Referee's recommended award of $364,172.09 in attorney's fees and disbursements, and denied Gelber's motion to renew, unanimously affirmed, with costs.

The record evidence demonstrates that Gelber expressly and impliedly appointed defendant Gasiunasen Gallery to act as his

agent with regard to the sale of a painting by Gerhard Richter, and thus became obligated under the contract of sale to deliver the painting upon his agent's receipt of the full purchase price within the time limit imposed by the contract and its ancillary escrow agreement (*see* 2A NY Jur 2d, Agency §§ 98, 113; Restatement [Second] of Agency § 144; *Greene v Hellman,* 51 NY2d 197, 204 [1980]; *News Am. Mktg., Inc. v Lepage Bakeries, Inc.,* 16 AD3d 146, 148 [2005]). To the extent Gelber averred otherwise in support of his cross motion for summary judgment, his statement was self-serving and tailored to avoid the consequences of his earlier deposition testimony, and hence was insufficient to raise a triable issue of fact (*see Phillips v Bronx Lebanon Hosp.,* 268 AD2d 318, 320 [2000]).

Under this same authority, Gelber's agent was also authorized to bind him under usual and customary contractual terms, which (1) provided that in the event of litigation, the prevailing party may recover reasonable attorney's fees, and (2) designated New York courts as the forum for litigation and subjected the parties to jurisdiction in this state (*see* 2A NY Jur 2d, Agency § 113). On the basis of this record, we reject Gelber's contention that there were insufficient contacts with New York to enforce the forum designation clause. We note that in a related Canadian action, Gelber made an informal judicial concession that New York is the proper forum in which to resolve the parties' dispute (*see People v Rivera,* 45 NY2d 989 [1978]; *Catanese v Lipschitz,* 44 AD2d 579, 580 [1974]).

When Gelber failed to deliver the painting upon tender of the full purchase price, plaintiff did not abandon his contractual rights by demanding return of his money and timely seeking specific performance and related relief (*see* UCC 2-711, 2-716; *Toto We're Home v Beaverhome.Com,* 301 AD2d 643, 644 [2003]).

The record supports the court's confirmation of the Special Referee's recommended award of attorney's fees and disbursements. Gelber, having plainly acquiesced in court to plaintiff's representation by litigation counsel who helped facilitate the underlying transaction, will not be heard to argue that an award of counsel fees was precluded by a purported conflict.

Gelber's argument that plaintiff lacks standing is unpreserved for appeal, as he failed to timely raise it before Supreme Court (*see Honique Accessories, Ltd. v S.J. Stile Assoc., Ltd.,* 67 AD3d 481 [2009]). Were we to consider this argument, we would reject it. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ. **[Prior Case History: 24 Misc 3d 1218(A), 2009 NY Slip Op 51515(U).]**