■ PANATOZ INTERNATIONAL CORP., Respondent, v DAVID RO-ZEN et al., Appellants, et al., Defendants. [917 NYS2d 566]—Order and judgment (one paper), Supreme Court, Bronx County (Edgar G. Walker, J.), entered February 4, 2010, which granted plaintiff's motion for summary judgment compelling defendants-appellants to cooperate with plaintiff's applications to the City of New York to erect a one-family home on its real property, unanimously affirmed, without costs.

Appellants' argument that the motion court lacked jurisdiction was not argued below and it is therefore unpreserved (*see e.g. Honique Accessories, Ltd. v S.J. Stile Assoc., Ltd.*, 67 AD3d 481, 482 [2009]). Were we to review this argument, we would find it unavailing because the owners of the four parcels in question took ownership subject to a document that contemplated future court action. Similarly unavailing is appellants' contention that plaintiff failed to join necessary parties. There is no evidence that any of the entities or individuals identified by appellants are owners of the four parcels at issue (*see Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 318 [2006]).

Furthermore, it is undisputed that the owners of the four parcels in question took title to their respective parcels subject to a declaration, which states that each of the four parcels is permitted one dwelling unit to be maintained or constructed. Thus, the motion court was correct in its conclusion that pursuant to the declaration, appellants were required to cooperate with plaintiff in its applications to develop its parcel by executing the necessary consents.

We have reviewed appellants' remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.