(January 31, 2012)

■ Bauerschmidt & Sons, Inc., Respondent, v Nova Casualty Company, Appellant. [937 NYS2d 600]

On an appeal from a judgment entered after a nonjury trial, the power of this Court " 'to review the evidence is as broad as that of the trial court, bearing in mind . . . that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses' " (*Tornheim v Kohn*, 31 AD3d 748, 748 [2006], quoting *Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830 [1991]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Huner v State of New York*, 90 AD3d 992 [2011]; *A. Montilli Plumbing & Heating Corp. v Valentino*, 90 AD3d 961 [2011]). Applying this

standard here, the record supports the Supreme Court's determination that the plaintiff's delay in notifying the defendant of the underlying incident was reasonably based on a good faith belief of nonliability (*see Tri-State Consumer Ins. Co. v Yaskin*, 304 AD2d 560, 561 [2003]; *Eveready Ins. Co. v Robinson*, 300 AD2d 436, 437 [2002]; *Abbey Richmond Ambulance Serv. v Northbrook Prop. & Cas. Ins. Co.*, 281 AD2d 501, 501-502 [2001]). We decline to disturb the Supreme Court's determination.

The defendant's remaining contentions are without merit. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.