■ MARJAM SUPPLY CO., INC., Appellant, v ALL CRAFT FABRICATORS, INC., et al., Defendants, and D. ROBERT DONALDSON et al., Respondents. [942 NYS2d 218]—

In an action to recover payment for goods sold and delivered, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated November 15, 2010, which, upon a decision of the same court dated August 25, 2010, made after a nonjury trial, is in favor of the defendants D. Robert Donaldson, Douglas Robert Donaldson, and Donaldson Acoustics Co., Inc., and against it dismissing the fifth through eighth causes of action, and awarding the defendant Donaldson

Acoustics Co., Inc., the principal sum of $27,477.64 on its counterclaim.

Ordered that the judgment is affirmed, with costs.

"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, bearing in mind that due regard must be given to the decision of a trial judge who was in the position to assess the evidence and the credibility of the witnesses" (*Bank of N.Y. v Spadafora*, 92 AD3d 629, 630 [2012] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 91 AD3d 892 [2012]; *A. Montilli Plumbing & Heating Corp. v Valentino*, 90 AD3d 961 [2011]). Here, the Supreme Court's findings that the agreed-upon price for the infill panels delivered by the plaintiff to the defendant Donaldson Acoustics Co., Inc. (hereinafter Donaldson Acoustics), was $5.95 per unit, and that the plaintiff had no right to increase the price for the panels after delivery based upon its unilateral mistake in pricing, are supported by the testimony and documentary evidence presented at trial. Accordingly, there is no basis to disturb the Supreme Court's dismissal of the plaintiff's fifth through eighth causes of action. The record also supports the Supreme Court's finding that the plaintiff repudiated its agreement to supply Donaldson Acoustics with certain ceiling tiles, thus forcing Donaldson Acoustics to purchase the tiles from another supplier at a higher price, and warranting an award of cover damages (*see Fertico Belgium v Phosphate Chems. Export Assn.*, 70 NY2d 76, 82 [1987]; *Walck Bros. AG. Serv. v Hillock*, 5 AD3d 1058, 1060 [2004]; *Toto We're Home v Beaverhome.Com*, 301 AD2d 643, 644 [2003]). Therefore, there is also no basis to disturb the award of the principal sum of $27,477.64 to Donaldson Acoustics on its counterclaim. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur. **[Prior Case History: 28 Misc 3d 1237(A), 2010 NY Slip Op 51624(U).]**