■ KRISTIN LARKIN LoGERFO, Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY IN CITY OF NEW YORK et al., Respondents. [947 NYS2d 328]—

"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, bearing in mind that due regard must be given to the decision of a trial judge who was in the position to assess the evidence and the credibility of the witnesses" (*Bank of N.Y. v Spadafora*, 92 AD3d 629, 630 [2012] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Marjam Supply Co., Inc. v All Craft Fabricators, Inc.*, 94 AD3d 954 [2012]; *Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 91 AD3d 892 [2012]). Here, the evidence did not establish that a fiduciary relationship existed between the parties. Since the right to an accounting is premised upon the existence of a fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest (*see Lawrence v Kennedy*, 95 AD3d 955 [2012]; *Chalasani v State Bank of India, N.Y. Branch*, 235 AD2d 449, 450 [1997]; *Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]), judgment was properly entered in the defendants' favor.

Contrary to the plaintiff's contention, the Supreme Court properly excluded inadmissible evidence and limited testimony and evidence regarding collateral matters (*see People v Hudy*, 73 NY2d 40, 56 [1988]; *People v Diaz*, 85 AD3d 1047, 1049-1050 [2011], *lv granted* 18 NY3d 882 [2012]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.