In an action to recover in quantum meruit for services rendered, (1) the defendants appeal from a corrected order of the Supreme Court, Nassau County (Bucaria, J), dated August 22, 2011, which granted the plaintiffs’ motion to resettle a judgment of the same court dated April 12, 2011, to the extent of vacating that judgment and directing an award of predecision interest and, sua sponte, amended a decision of the same court dated March 18, 2011, made after a nonjury trial, to the extent of finding that the reasonable value of the plaintiffs’ services was $50,000, and the plaintiffs cross-appeal, as limited by their brief, from stated portions of the same corrected order, (2) the defendants appeal from a judgment of the same court entered September 26, 2011, which, upon the decision dated March 18, 2011, as amended, and upon vacating the judgment dated April 12, 2011, which had awarded the plaintiffs the principal sum of $75,000 without any award of interest, is in favor of the plaintiffs and against the defendants Edward Price, Global Trading, Inc., and Congeladora Del Rio, S.A. de C.V, in the principal sum of $50,000, together with interest at the statutory rate of 9% per annum, from September 12, 2007, and the plaintiffs cross-appeal from the same judgment on the ground of inadequacy, and (3) the plaintiffs appeal from an order of the same court dated July 25, 2011.
Ordered that the appeal from the order dated July 25, 2011, is dismissed, as that order was superseded by the corrected order dated August 22, 2011; and it is further,
Ordered that the appeal and the cross appeal from the corrected order dated August 22, 2011, are dismissed, as the right of direct appeal and cross appeal therefrom terminated with the entry of the judgment entered September 26, 2011 (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further,
Ordered that the appeal by the defendant Sandra Price, as executrix under the last will and testament of Arthur Price, deceased, from the judgment entered September 26, 2011, is *738 dismissed, as she is not aggrieved by that judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
Ordered that the judgment entered September 26, 2011, is modified, on the law, by increasing the amount of the award to the plaintiffs to the principal sum of $75,000, plus interest at the statutory rate of 9% from September 12, 2007; as so modified, the judgment entered September 26, 2011, is affirmed insofar as appealed from by the defendants Edward Price, Global Trading, Inc., and Congeladora Del Rio, S.A. de C.V, and insofar as cross-appealed from by the plaintiffs; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
In order to recover on a cause of action sounding in quantum meruit, a plaintiff must demonstrate “(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services allegedly rendered” (Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 222 [2011]). Here, after a nonjury trial, the Supreme Court found that the plaintiffs performed services for the defendants Edward Price, Global Trading Inc., and Congeladora Del Rio, S.A. de C.V. (hereinafter collectively the defendants) in good faith by assisting in the negotiation and consummation of the sale of certain business interests to a nonparty with an expectation of compensation, that the defendants accepted those services, and that the reasonable value of those services was $75,000. The Supreme Court’s findings were supported by the record (see Marjam Supply Co., Inc. v All Craft Fabricators, Inc., 94 AD3d 954, 955 [2012]).
“Pursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party, or is inconsistent with the decision upon which it is based. However, a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment” (Adams v Fellingham, 52 AD3d 443, 444 [2008] [citations omitted]). Accordingly, upon granting the plaintiffs’ motion to resettle a judgment dated April 12, 2011, to the extent of vacating that judgment and directing an award of predecision interest, the Supreme Court erred in, sua sponte, amending its decision dated March 18, 2011, so as to find that the reasonable value of the plaintiffs’ services was only $50,000.
The parties’ remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P, Lott, Roman and Cohen, JJ., concur.