ID Beauty S.A.S. v Coty Inc. Headquarters (2018 NY Slip Op 06322)





ID Beauty S.A.S. v Coty Inc. Headquarters


2018 NY Slip Op 06322


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


651620/16 7167 7166

[*1]ID Beauty S.A.S., Plaintiff-Appellant,
v
Coty Inc. Headquarters, Defendant-Respondent.


Wilk Auslander LLP, New York (Eric LaMons of counsel), for appellant.
Davis & Gilbert LLP, New York (James R. Levine of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about December 29, 2016, which granted defendant's CPLR 3211(a)(1) motion to dismiss the First Amended Complaint (FAC), unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 24, 2017, which denied plaintiff's motion for leave to file a Second Amended Complaint (SAC) unanimously affirmed, without costs.
In support of reinstating the FAC, with respect to the breach of contract claim, plaintiff makes only the arguments it made in its motion for leave to amend the complaint, having abandoned the arguments it made in opposition to defendant's motion to dismiss. Because these arguments were not presented to the motion court on the motion to dismiss, we will not consider them on appeal (see Honique Accessories, Ltd. v S.J. Stile Assoc., Ltd., 67 AD3d 481 [1st Dept 2009]; Tortorello v Carlin, 260 AD2d 201, 205 [1st Dept 1999]).
Plaintiff contends that its claims for "detrimental reliance," fraudulent inducement, and promissory estoppel should be reinstated because the contractual limitation of liability does not bar the damages it seeks on those claims. However, the fraud and fraudulent inducement claims, which essentially allege an insincere promise to perform, are duplicative of the breach of contract claim (see e.g. Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]; Arnon Ltd [IOM] v Beierwaltes, 125 AD3d 453 [1st Dept 2015]). The promissory estoppel claim is barred by the alleged existence of a contract (see Susman v Commerzbank Capital Mkts. Corp., 95 AD3d 589, 590 [1st Dept 2012], lv denied 19 NY3d 810 [2012]).
Plaintiff was properly denied leave to file the proposed SAC because it is patently devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). The proposed SAC does not contain any new facts. Instead, it contains a new legal argument that the contractual limitation of liability contained in every invoice issued by defendant for every purchase made by plaintiff does not govern the exclusivity agreement the parties allegedly entered into. The alleged exclusivity agreement consists of an email by defendant's representative, which stated that plaintiff "will be exclusive starting with July." Plaintiff's new legal argument is precluded by the unambiguous contractual language contained in the invoices, including a broad "Limitations of Liability" clause and the statement that "[t]his document contains the entire understanding and agreement of the parties concerning the purchase and sale of the items listed on the front hereof. Any proposal, negotiation, representation, promise, (course of dealing or trade usage) not contained or referenced herein shall not bind Seller." [*2]Based on the unambiguous language in the invoices, there is no legal basis for plaintiff's conclusory assertion that the alleged exclusivity agreement is a separate agreement and not governed by the limitation of liability clause.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK