■ BEATRICE PAUTIENIS, Appellant, v LEGACY CAPITAL CORPORATION, Respondent, et al., Defendants. [828 NYS2d 336]—

Order, Supreme Court, New York County (Debra A. James,

J.), entered October 31, 2005, which granted defendants' respective motions to dismiss plaintiff's negligence and conversion claims pursuant to CPLR 3211, and for summary judgment dismissing her remaining claims pursuant to CPLR 3212, unanimously affirmed, without costs.

Plaintiff may not avail herself of the doctrine of equitable estoppel to preclude assertion of a statute of limitations defense because the alleged misrepresentation underlying the estoppel claim is one and the same as that forming the basis of the underlying substantive cause of action for negligence (*see Rizk v Cohen*, 73 NY2d 98, 105-106 [1989]; *Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz*, 32 AD3d 710, 714 [2006]). Since plaintiff's allegations of negligence are based on the description of the viaticals given by defendant Weems, the cause of action accrued no later than the date the viatical contracts were issued. The contention that the plaintiff was not injured until the investment lost value or was not recouped as allegedly promised, is not persuasive (*see Cappelli v Berkshire Life Ins. Co.*, 276 AD2d 458, 459 [2000]).

As to the remaining causes of action, the moving defendants, by adducing the purchase agreements containing disclosures warning plaintiff of the very risks about which she now complains, demonstrated a prima facie entitlement to summary judgment. Plaintiff's opposition, consisting of an unverified answer and an attorney's affirmation, was insufficient to raise a triable issue (*see Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218, 219 [2001]; *Marinelli v Shifrin*, 260 AD2d 227, 228-229 [1999]).

Plaintiff failed to establish that summary judgment was premature due to outstanding discovery (*Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [2000]; *Meath v Mishrick*, 120 AD2d 327, 329-330 [1986], *affd* 68 NY2d 992 [1986]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.