■ RICHARD J. SCHWARTZ and Another, as Executors of IRENE SCHWARTZ, Deceased, Respondents, v JPMORGAN CHASE BANK, N.A., Appellant. [923 NYS2d 96]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 9, 2010, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in defendant's favor dismissing the complaint.

In 1979, plaintiffs' mother, the decedent, opened an investment management account with Chase Manhattan Bank, predecessor to defendant JPMorgan Chase (Chase). There is no claim of negligence or breach of duty with respect to Chase's handling of that account. Plaintiffs' claim relates to a completely separate dividend reinvestment account (DRA), one of six such accounts opened in the name of plaintiffs' decedent, each of which contained shares of stock in an individual company. Each of these DRAs was maintained by the transfer agents for the company that issued that account's stocks. The shares of stock in these DRAs were never transferred to Chase, and Chase had neither the right nor the obligation to manage these assets.

The claims in this matter relate to the DRA that contained shares of a pharmaceutical company called Warner-Lambert Co. at the time the account was opened; the company is now Pfizer, Inc. Other shares issued by the same company were also contained in the Chase investment management account (IMA).

From about the mid-1980s until shortly before this action was commenced in March 2006, quarterly notices and annual 1099 tax forms relating to the DRAs were sent to defendant Chase. As it was instructed upon inquiring of plaintiffs' decedent when it first received such a notice, Chase forwarded each of these notices to the decedent's accountant as an accommodation to its client.

Plaintiff Richard Schwartz began handling his mother's financial concerns after he and his sister, plaintiff Lois Zenkel, were granted power of attorney on November 21, 1996. Despite the listing in his mother's yearly tax returns of dividends from a Warner-Lambert/Pfizer dividend investment account, separate and distinct from the listing for the dividends from the Chase IMA, he did not become aware of the existence of the Warner-Lambert/Pfizer DRA or the other DRAs until January 12, 2006, at a meeting with several Chase bankers who handled plaintiffs' various Chase accounts. Upon learning that Chase had been forwarding the DRA notices to his accountant rather than to him, he transferred all his mother's assets out of Chase and to another investment company. He also sold the stock in the DRAs, including the Pfizer stock in the DRA for $6,893,684, resulting in a capital gain of $5,837,395.

Plaintiffs base their claims against Chase on its failure to forward the DRA notices and forms to plaintiffs, or to apprise Richard Schwartz of the existence of that DRA. They claim that this deprived them of the ability to manage the assets.

The record presents no issues of fact as to whether Chase breached any duty owed to plaintiffs. The duty Chase owed to plaintiffs encompassed the handling of those accounts held by Chase. It did not extend to unrelated dividend reinvestment accounts with other financial agents. The fact that Chase received unsolicited notices and forms from other financial agents regarding separate DRAs created no duty on Chase's part as to those DRAs. The act of voluntarily forwarding those notices and forms to plaintiffs' accountant, as plaintiffs' decedent originally requested, does not create any such duty. Chase was not obligated to ensure that plaintiffs were informed of the existence of an account, which it did not control and over which it had no responsibility, merely because it undertook the ministerial duty of forwarding the notices sent to the investor in care of Chase

to the investor's accountant, at the investor's request (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d 146, 157 [2008]).

Moreover, the record conclusively establishes that plaintiffs had constructive notice of the existence of that account. The decedent's tax return for each of the years from 1997 through 2005 contained a Schedule B setting forth separately the dividends paid to her through Chase's IMA and the dividends paid to her through the other provider in connection with the DRA. Richard Schwartz assumed responsibility for the decedent's finances in November 1996, reviewed her tax returns every year, and began signing the returns as her attorney-in-fact possibly as early as 1997, but certainly in 2001, and is therefore deemed to have constructive knowledge of its contents (*see Hayman v Commissioner of Internal Revenue*, 992 F2d 1256, 1262 [2d Cir 1993]). He even conceded at his deposition that a person reviewing those schedules would understand that the DRA dividends were distinct from the IMA dividends and were related to shares of stock held outside of defendant. Moreover, in signing the tax returns as attorney-in-fact, plaintiff affirmatively declared that he had examined the returns and their schedules and that they were "true, correct and complete." Therefore, plaintiffs cannot be permitted to claim a right of recovery against Chase for any loss they claim as a result of lack of knowledge of the DRA (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]; *see also Zemel v Horowitz*, 11 Misc 3d 1058[A], 2006 NY Slip Op 50276[U] [2006]). Schwartz's assertion, in papers submitted in opposition to defendant's motion, that he would not have understood the import of the schedules even if he had reviewed them, contradicts his deposition testimony and raises only a feigned issue of fact as to his constructive knowledge of the DRA (*see Joe v Orbit Indus.*, 269 AD2d 121, 122 [2000]).

Defendant's motion for summary judgment should therefore have been granted. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.