■ RONALD K. ARMSTRONG, Appellant, v SENSORMATIC/ADT, Respondent. [954 NYS2d 53]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 23, 2010, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's deposition testimony and averments contained in

an affidavit submitted in opposition to defendant's motion are too ambiguous to raise an issue of fact as to whether he had engaged in a protected activity by complaining of preferential treatment towards women, or was terminated in retaliation for that allegedly protected conduct (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *International Healthcare Exch., Inc. v Global Healthcare Exch., LLC*, 470 F Supp 2d 345, 357 [SD NY 2007]). Although plaintiff testified that a subordinate had received preferential treatment based on her gender and race, he did not testify that he had communicated the allegedly discriminatory conduct to defendant's human resources department. Further, none of the averments relating to the alleged preferential treatment of a female temporary worker are set forth in his deposition testimony. Accordingly, his affidavit "raises only a feigned issue of fact," insufficient to withstand summary judgment (*Schwartz v JPMorgan Chase Bank, N.A.*, 84 AD3d 575, 577 [1st Dept 2011]). The alleged statement by plaintiff's manager that plaintiff "had let the cat out of the bag" about the manager's "discriminatory hiring and favoritism" fails to raise an issue of fact, as plaintiff has not pointed to any cognizable instances of discriminatory conduct or complaints about such conduct.

Plaintiff also fails to rebut defendant's evidence that it had terminated him for legitimate, nondiscriminatory reasons— namely, his vulgar and inappropriate messages to coworkers (*see Forrest*, 3 NY3d at 313; *Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 553-554 [1st Dept 2010]). Plaintiff's reliance on an alleged statistical case of racial discrimination in defendant's sales forces is insufficient to raise an issue of fact as to whether defendant's reasons were pretextual. Indeed, the statistical pool on which plaintiff relies is too small to support an inference of discrimination (*see Pollis v New Sch. for Social Research*, 132 F3d 115, 121-122 [2d Cir 1997]).

Plaintiff's failure to promote claim was properly dismissed as time-barred. The continuing violations doctrine does not apply to toll the running of the statute of limitations on this claim, as plaintiff has failed to submit sufficient evidence of a pattern or practice of discrimination (*see Van Zant v KLM Royal Dutch Airlines*, 80 F3d 708, 713 [2d Cir 1996]; *Sculerati v New York Univ.*, 2003 NY Slip Op 50928[U], *7-8 [Sup Ct, NY County 2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.

■ ANDREW B. OSTROY, Individually, as Executor of ADRIENNE LEVINE, Deceased, and as Parent and Natural Guardian of