■ ALEXANDRE VAN DAMME, Respondent, v NAHUM GELBER, Appellant, et al., Defendant. (And a Third-Party Action.) [961 NYS2d 391]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered December 28, 2011, awarding plaintiff Alexandre Van Damme partial summary judgment on his claims for specific performance and an award of attorney's fees, and enjoining and directing defendant Gelber to specifically perform the February 5, 2007 contract of sale and to release the subject painting to plaintiff upon payment by plaintiff of two million euros less the amount of legal fees awarded to plaintiff of $448,419.00, and which brings up for review, an order, same court and Justice, entered December 27, 2011, which denied defendant Gelber's motion to vacate the court's July 8, 2009 order granting plaintiff's motion for partial summary judgment on claims for specific performance and an award of attorney's fees, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered March 22 and 23, 2012, respectively, which denied defendant Gelber's motions to vacate the judgment and for summary judgment, unanimously dismissed, without costs, as abandoned.

Gelber was not barred by either res judicata or collateral estoppel from arguing the issue of standing in his motion to vacate the July 8, 2009 order. In particular, this Court's holding on the prior appeal in this case (79 AD3d 534 [2010]) cannot be considered binding for collateral estoppel purposes because this Court's initial holding as to the issue of standing was that it had not been preserved for review. It was only as an alternate holding that this Court stated that the standing argument, if it were to be considered, would be rejected (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 200 [2008]).

However, Supreme Court properly denied Gelber's motion to vacate the July 8, 2009 order. The order was neither based on mistake nor on misrepresentations. The record evidence established that the three assignment forms were effectual even though they contained minor differences, including the effective date of assignment, whether or not Van de Weghe has to cooperate with plaintiff, and whether or not consideration has to be

paid to plaintiff. The operative language in the forms was identical and unambiguously indicated an intent to assign to plaintiff all rights, claims or causes of action regarding the painting which the assignors possessed (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Thus, contrary to Gelber's claim, the record evidence reflects a meeting of the minds on all "essential" terms (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589-590 [1999]). In this regard, we note that consideration is not a requirement of an effective written assignment (*see* General Obligations Law § 5-1107).

Because the assignment was valid, and because the parties to the assignment actually intended to be bound by it, Gelber's argument that they misrepresented that there was a valid assignment fails. Indeed, all of the various affidavits and statements at deposition regarding the assignment were accurate.

Nor is it accurate to claim that plaintiff failed to provide the required discovery in this case. Indeed, it is undisputed that in March 2008 Gelber was given the three assignment forms by plaintiff. Further, Gelber's counsel utilized the three forms during depositions. Gelber mistakenly relies on the document created by Gasiunasen's counsel with the "/s/" mistakenly written into the signature lines. Indeed, this mistake was quickly corrected before the motion court during the original summary judgment motion proceeding.

Nor do we find that Supreme Court should have vacated the order in the interests of justice.

The March 2012 orders concerned issues of comity and jurisdiction, which Gelber has not raised in his briefs to this Court. Thus, the appeals from those orders have been abandoned. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.