*409 Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered May 12, 2012, in favor of defendant Gasiunasen Gallery, awarding it $47,638.36 on its cross claim seeking interest on its commission from February 5, 2007, plus costs and disbursements, dismissing defendant Gelber’s cross claims against Gasiunasen Gallery and the third-party complaint against third-party defendant Arij Gasiunasen, and awarding third-party defendant costs and disbursements, and which brings up for review orders, same court and Justice, entered March 23, 2012 and April 23, 2012, which denied Gelber’s motion for leave to amend his cross claim and third-party complaint, and granted a motion by defendant Gasiunasen Gallery and third-party defendant Arij Gasiunasen for summary judgment dismissing Gelber’s pleadings against them, unanimously affirmed, with costs.
In this action for specific performance of an agreement to purchase an oil painting, the motion court properly granted summary judgment to Gasiunasen Gallery and Arij Gasiunasen. Throughout the litigation, Gelber denied that Gasiunasen Gallery was his agent and, instead, asserted that it was working on its own behalf, as an art dealer, to assist the purchaser of the painting (plaintiff) with the sale, in exchange for a commission on the transaction. Prior final orders in this litigation rejected Gelber’s position that an agency relationship did not exist between the gallery and himself (see Van Damme v Gelber, 24 Misc 3d 1218[A], 2009 NY Slip Op 51515[U] [Sup Ct, NY County 2009], affd 79 AD3d 534 [1st Dept 2010], lv denied 16 NY3d 708 [2011]; Van Damme v Gelber, 104 AD3d 534 [1st Dept 2013]). In opposition to the motion for summary judgment, Gelber asserted a new theory of liability that contradicts his former position disavowing an agency relationship, arguing for the first time that an agency existed and alleging that Gasiunasen Gallery engaged in unauthorized acts as his agent. Gelber’s belated, self-serving assertions that Gasiunasen Gallery engaged in unauthorized acts as his agent, and otherwise failed to comply with the standard fiduciary obligations of an agent, merely create feigned factual issues and are insufficient to defeat the summary judgment motion (see e.g. Armstrong v Sensormatic/ADT, 100 AD3d 492 [1st Dept 2012]; Schwartz v JPMorgan Chase Bank, N.A., 84 AD3d 575, 577 [1st Dept 2011]).
Further, Gelber did not move to amend his pleadings to assert this new theory until 3x/2 years after he filed his original plead *410 ings, after discovery had concluded, the note of issue filed and his motion to vacate plaintiff’s judgment against him denied. This unexcused delay warranted the denial of his motion to amend the pleadings (see Oil Heat Inst, of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290, 293 [1st Dept 2004]).
We have considered defendant Gelber’s additional arguments and find them unavailing. Concur — Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.