■ Mark Sarfati, Respondent, v Frank Palazzolo, Appellant. [37 NYS3d 537]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered February 11, 2015, in favor of plaintiff and against defendant, unanimously affirmed. Order, same court and Justice, entered November 4, 2015, which, inter alia, denied defendant's motion for renewal, unanimously affirmed, with costs.

Plaintiff established prima facie the existence of the guaranty executed by defendant, the underlying debt, and defendant's failure to perform under the guaranty (*see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d 485, 492 [2015]), by submitting the "Guaranty and Assignment of Loan Transactions Agreement," the stock purchase agreement setting forth the terms of the purchase money debt obligation, and a demand letter from himself to defendant.

The guaranty and assignment agreement included an unambiguous and valid assignment of plaintiff's rights under the stock purchase agreement that demonstrates the intent of the parties to assign plaintiff's rights (*see Van Damme v Gelber*, 104 AD3d 534, 534-535 [1st Dept 2013], *lv dismissed* 22 NY3d 952 [2013]). Therefore, contrary to defendant's argument, no additional documentation is needed to effectuate the agreement. Moreover, the guaranty and assignment agreement does not support defendant's contention that he is entitled to a payment equal to a percentage of the purchase money debt obligation.

Defendant also failed to raise an issue of fact as to his counterclaim for repayment of what he conclusorily asserts were monthly loan payments to plaintiff (*see Schwartz v JPMorgan Chase Bank, N.A.*, 84 AD3d 575, 577 [1st Dept 2011]). The record shows that those payments were principal and interest payments on the guaranty.

The "new evidence" that defendant submitted in support of

his motion to renew, i.e., that the parties orally agreed to cancel the guaranty and assignment agreement, would not change the prior determination, since the agreement includes a written modification clause, and there is no writing canceling it (*see Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d 462, 463 [1st Dept 2003]; CPLR 2221 [e]). Moreover, defendant failed to provide reasonable justification for his delay in presenting this evidence, which is based on information that was in his possession at the time the summary judgment motion was made and therefore could have been included in his own affidavit in opposition (CPLR 2221 [e] [3]). Concur—Sweeny, J.P., Manzanet-Daniels, Feinman and Webber, JJ. **[Prior Case History: 2015 NY Slip Op 30129(U).]**