Mira v Harder (2019 NY Slip Op 08131)





Mira v Harder


2019 NY Slip Op 08131


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10313 100583/17

[*1] Leslie Moore Mira, Plaintiff-Appellant,
v
Beth Harder (Evans), et al., Defendants-Respondents.


Leslie Moore Mira, appellant pro se.
Proskauer Rose LLP, New York (Michelle A. Annese of counsel), for respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered January 3, 2018, dismissing the complaint pursuant to an order, same court and Justice, entered December 18, 2017, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's claims of discrimination, hostile work environment, and retaliation, pursuant to the New York State and New York City Human Rights Law are time-barred (CPLR 214[2]; Administrative Code of City of NY § 8-502[d]; see Herrington v Metro-North Commuter R.R. Co., 118 AD3d 544 [1st Dept 2014]). Plaintiff's allegations stem from events that occurred more than three years before she initially commenced the action in federal court in December of 2015. Moreover, the continuing violations doctrine is inapplicable to plaintiff's claims, as she failed to show proof that the time-barred allegations constituted a pattern or practice of ongoing discriminatory or retaliatory conduct or a continuing hostile work environment (see Armstrong v Sensormatic/ADT, 100 AD3d 492, 493 [1st Dept 2012]).
Even if plaintiff's claims were timely, based on alleged postemployment conduct, the complaint failed to state a cause of action (CPLR 3211[a][7]). The complaint contains merely speculative and "inherently incredible" allegations of widespread surveillance, conspiratorial meetings, and eavesdropping involving unidentified persons (O'Donnell, Fox & Gartner v R-2000 Corp., 198 AD2d 154, 154 [1st Dept 1993]), that are insufficient to state the necessary elements of a cause of action for employment discrimination, retaliation, harassment, or intentional or negligent infliction of emotional distress (see generally Forrest v Jewish Guild for the Blind, 3 NY3d 295, 311-313 [2004]; Askin v Dept. Of Educ., 110 AD3d 621 [1st Dept 2013]). Furthermore, plaintiff's allegations that defendants violated Civil Rights Law § 52-b are similarly unavailing, since the allegations are conclusory and inherently incredibly. She fails to allege that she had any personal knowledge of defendants disseminating intimate images of her on social media with the intent to harass or annoy her.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK