CAS Mkt.ing & Licensing Co. v Jay Franco & Sons, Inc. (2020 NY Slip Op 06704)





CAS Mkt.ing & Licensing Co. v Jay Franco & Sons, Inc.


2020 NY Slip Op 06704


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 654563/16 Appeal No. 12408 Case No. 2019-03953 

[*1]CAS Marketing & Licensing Co., Plaintiff-Respondent,
v
Jay Franco & Sons, Inc., Defendant-Appellant.


Proskauer Rose LLP, New York (Bradley I. Ruskin of counsel), for appellant.
Pincus Law LLC, New York (Mark S. Pincus of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered September 16, 2019, which granted plaintiff's motion for partial summary judgment on its claim for breach of contract, unanimously affirmed, with costs.
Admissions by defendant, both formal in the form of responses to requests for admissions and informal in the form of deposition testimony, establish the implied-in-fact contract between the parties, its enforceability, defendant's breach by failing to pay in full, and the resulting quantum of damages (see Maas v Cornell Univ., 94 NY2d 87, 93 [1999]). Initially, defendant disputes the weight of its informal admissions. While it is true that defendant's informal admissions are not conclusive evidence of the facts as a matter of law, they remain nonetheless evidence of those facts (see People v Brown, 98 NY2d 226, 232 n 2 [2002]). Defendant does not succeed in this, however.
In opposition, defendant failed to raise a material issue of fact. Defendant contends principally that the affidavit of its president submitted in opposition to summary judgment contradicts admissions made in deposition testimony and raises triable issues of fact. The affidavit, however, did not directly contradict defendant's formal and informal admissions, and, at most creates feigned issues of fact (see e.g. Schwartz v JP Morgan Chase Bank, N.A., 84 AD3d 575, 576 [1st Dept 2011]; Knox v United Christian Church of God, Inc., 65 AD3d 1017, 1017 [2d Dept 2009]).
Further, defendant's argument that the parties' contract is unenforceable under the statute of frauds fails, because defendant's "admission to the essential terms and actual existence of the alleged oral contract is sufficient to take the agreement outside the scope of the Statute of Frauds" (Dzek v Desco Vitroglaze of Schenectady, 285 AD2d 926, 927 [3d Dept 2001]).
On the issue of damages, defendant does not point to a single calculation that plaintiff has misattributed or miscalculated. Defendant instead chiefly disputes whether a commission is due at all. However, plaintiff's commissions calculations are based on defendant's deposition testimony authenticating royalty reports and providing the commission rates.
Defendant's challenge to the prejudgment interest allocations is also unavailing. Plaintiff established that defendant owed quarterly commissions, prejudgment interest was thus calculated beginning on the day after the end of the relevant quarter. This calculation is consistent with CPLR 5001's directives that prejudgment interest should
be computed from the date the cause of action accrued, and thereafter "upon each item from the date it was incurred" (CPLR 5001[b]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020