ConnectOne Bank v Legacy Bldrs./Devs. Corp. (2025 NY Slip Op 03156)

ConnectOne Bank v Legacy Bldrs./Devs. Corp.

2025 NY Slip Op 03156

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 155317/23|Appeal No. 4440-4440A-4440B|Case No. 2024-04811|

[*1]ConnectOne Bank, Plaintiff-Respondent,
v
Legacy Builders/Developers Corp. et al., Defendants-Appellants.

The Postlethwaite Law Firm PLLC, New York (Preston J. Postlethwaite of counsel), for appellants.
Cole Schotz P.C., New York (James T. Kim of counsel), for respondent.

Judgment, Supreme Court, New York County (Suzanne J. Adams, J.), entered November 4, 2024, awarding ConnectOne the principal sum of $3,446,397.38, plus pre-judgment interest accruing at the default rate of 24% annually from September 5, 2023 through the date of entry in the amount of $965,368.95, plus attorneys' fees in the sum of $43,217.87, with costs and disbursements of $650.00, for a total sum of $4,455,634.20, and bringing up for review an order, same court and justice, entered June 13, 2024 and an amended order, same court and justice, entered October 30, 2024, which, to the extent appealed from, granted ConnectOne's motion for summary judgment in favor of ConnectOne and against defendants, and granted ConnectOne's motion to dismiss defendants' 11 affirmative defenses, unanimously affirmed, with costs. Appeal from aforementioned June 13, 2024 order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Although defendants appealed only from the June 13, 2024 order, as opposed to the November 4, 2024 judgment, where an appeal was taken from the order, and judgment was subsequently entered, in the interest of judicial economy, the appeal from the order is deemed an appeal from the subsequent judgment and the appeal is considered on the merits (CPLR 5520[c]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]).
Defendants' argument, raised for the first time on appeal, that the note was prematurely accelerated on March 28, 2023, is unavailing even if considered, as Legacy Builders/Developers Corp.'s admitted failure to make the April 19, 2023 principal payment and subsequent interest payments was not the basis of the March 28, 2023 notice of default and acceleration. The notice of default was based on, inter alia, defendants' breach of Section 11.01(g) of the loan agreement by, respectively: (i) representing that it would not cause liens to be incurred outside of the liens listed on Schedule 10.01, and then causing a sales tax lien to be incurred in the amount of approximately $5 million; and (ii) having two judgments of over $100,000.00 be entered against Borrower, i.e., a civil judgment from the Department of Justice for lead paint violations in the amount of approximately $16 million and a certain bonding judgment in the amount of approximately $9 million.
The affidavit of plaintiff's senior vice president was admissible based on his personal knowledge of the loan files (see Valley Natl. Bank v TDS Cab Corp., 225 AD3d 440, 441 [1st Dept 2024]). Defendants' unverified answer was insufficient to raise a triable issue in opposition to plaintiff's motion for summary judgment (see Pautienis v Legacy Capital Corp., 36 AD3d 462, 463 [1st Dept 2007]). Contrary to defendants' contention, the court correctly found on the first cause of action (breach of loan documents) that "(1) promissory notes were signed by the defendants, borrowers; and (2) defendants, borrowers, have defaulted on [*2]those notes" and on the second cause of action (breach of guaranty), that "(1) the lender is owed a debt from a third party; (2) the guarantor guaranteed payment of the third party's debt; and (3) the debt has not been paid by the third party or the defendant" (see Sarfati v Palazzolo, 142 AD3d 877, 877 [1st Dept 2016]).
Supreme Court providently exercised its discretion when it dismissed defendants' 11 affirmative defenses as "only a bare legal conclusion without supporting facts" (see Commissioners of Slate Ins. Fund v Ramos, 63 AD3d 453, 453 [1st Dept 2009]).
We have reviewed defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025